UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FLAVIO MLAM | § | |
| Plaintiff | § | |
| | § | CASE NUMBER: |
| vs. | § | |
| | § | **1:22CV00264 RP** |
| | § | |
| NAVY FEDERAL CREDIT UNION | § | |
| | § | |
| Defendant | § | |
| | § | **DEMAND FOR JURY TRIAL** |

## ORIGINAL COMPLAINT

1. This is an Civil action for actual and statutory damages, litigation costs brought by Plaintiff, an individual consumer, against Defendant NAVY FEDERAL CREDIT UNION, for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 *et seq*. (hereinafter "FCRA"),

## JURISDITCTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1681(p) and 28 U.S.C 1331.

3. Venue is proper in the because the acts and transactions occurred in this district.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## THE PARTIES

6. Flavio Milam ("Plaintiff") is an individual who resides in Travis County Texas.

7.   Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act,
     15 U.S.C. §1681a (b) and (c).

8.   Upon information and belief NAVY FEDERAL CREDIT UNION., is a corporation with its
     principal place of business at 820 Follin Lane SE Vienna, VA 22180-4907

9.   Defendant Navy Federal Credit Union is engaged in the collection of debt from consumers
     using the mail and telephone. Defendant regularly attempt to collect consumers debt alleged
     to be due.


# FACTUAL ALLEGATIONS

10. Plaintiff is a Natural Person

11. Plaintiff incurred an alleged debt for goods and services used for personal, family or
    household purposes ("alleged debt")

12. The alleged debt is a "consumer debt" as that term is defined by § 392.001(2) of the TDCA

13. Plaintiff is a "consumer" as that term is defined by § 15 U.S.C. §1681a (b) and (c).

14. Plaintiff is a "consumer" as that term is defined by § 392.001(1) of the TDCA

15. Defendant is a "Furnisher of information" within the meaning of by the Fair Credit Reporting
    Act, 15 U.S.C §1681s-2 et seq.

16. Defendant is a "Debt Collectors" as that term is defined by §392.001(6) of the TDCA


17. On or about August 26, 2021, Plaintiff applied for and was denied a Residential Mortgage
    loan and, thereafter, obtained a copy of his consumer report, also known as a credit report,
    and discovered incomplete and inaccurate and false information furnished by defendant.

18. On the report, Plaintiff observed a tradeline from Defendant Navy Federal Credit Union With
    account number 406095****

19. On or about August 30, 2021 Plaintiff mailed a dispute letter to Transunion LLC ("Transunion") Equifax Information Services, LLC ("Equifax") and Experian Information Solutions, LLC ("Experian") Via Certified mail to dispute the accuracy and completeness of the information furnished by defendant and disputed every month until the filling of this action.

20. The tradeline information furnished by Defendant to consumer reporting agencies on plaintiff's credit report is false, inaccurate, and unverifiable.

21. On or about September 28, 2021 Plaintiff re-investigated results from Transunion where defendant verified the false information and failed to notate that the tradeline information was being disputed.

22. Upon information and belief, Transunion, Experian, and Equifax sent a dispute communicating to Defendant providing all relevant disputed information.

23. On or about January 27, 2022 Plaintiff sent a dispute letter via certified mail to Navy Federal Credit Union.

24. On or about March 8, 2022 Plaintiff re-investigated results and the tradeline information furnished by Defendant to consumer reporting agencies on plaintiff's credit report and failed to notate that the Tradeline information was being disputed.

25. Defendants publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Plaintiff, causing a decrease in his FICO scores, severe humiliation, emotional distress, and mental anguish, being denied credit and being granted credit with a much higher interest rate.

## FIRST CLAIM FOR RELIEF 15 U.S.C. §1681 s-2(b)(1)(A)

26. Plaintiff re-alleges and incorporates the allegations contained in above paragraphs 1 -24

26. Defendant violated §16981 s-2(b)(1)(B) by failing to consider all relevant information forwarded to them by the consumer reporting agencies, including Equifax, Experian, and Transunion and to notate the disputed information as disputed.

27. Defendant caused injury in fact to Plaintiff, by causing among other effects, mental and emotional distress, damage to credit reputation and resulting in credit damages to Plaintiff.

28. Defendant conduct was negligent and/ or willful.

29. Plaintiff is entitled to recover actual damages, punitive damages, fee's and cost pursuant to 15 U.S.C. § 1681n

30. Alternatively, Plaintiff is entitled to recover actual damages, cost, and attorney's fees if the violation is negligent, Pursuant to 15 U.S.C. § 1681o.

31. Defendant Navy Federal Credit Union has done so either negligently or willfully.

32. Defendant has violated 15. U.S.C. § 1681 s-2(b)(1)(D) in it failed to report to Transunion that the information was being disputed.

33. Defendant Navy Federal Credit Union has violated 15 U.S.C. § 1681s-2(b)(1)(E) in that it failed to have a procedure to (i) modify the information in their system, report the disputed information to Transunion.

## JURY DEMAND AND REQUEST FOR RELIEF

WHEREFORE, Plaintiff FLAVIO MILAM respectfully demands a jury trial in judgment in favor to plaintiff and against Defendant for:

A. Statutory and Actual damages Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

B. Costs and expenses incurred in this action Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o

C. For such other and further relief as the curt may deem just and proper.

Respectfully submitted:

Dated: March 18, 2022

By: s/Flavio Milam

P.O. Box 2243

Leander, TX 78646

Flavio.00592@gmail.com